# IN THE COURT OF APPEALS OF IOWA

No. 21-0444
Filed July 21, 2021

**IN THE INTEREST OF H.E., T.E., T.E., and P.E.,**
**Minor Children,**

**T.E., Father,**
　　Appellant.
_____

Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.

A father appeals the termination of his parental rights to four children. **AFFIRMED.**

W. Eric Nelson of the State Public Defender's Office, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Mark D. Fisher of Howes Law Office, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

A father appeals the termination of his parental rights to four children, claiming the Iowa Department of Human Services (DHS) failed to make reasonable efforts to facilitate reunification. *See* Iowa Code § 232.102(9) (requiring the DHS to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child") (2020). He claims he asked the department to make a referral for its parent partner program but admits there is no record of his request prior to termination.

"The Department has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005). "Moreover, voicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). Even assuming the father requested the DHS make a referral to the program, nothing in the record indicates he brought the issue to the attention of the juvenile court. He has therefore waived the issue. *See id.* at 147 (holding a parent who is dissatisified with the DHS's response to a request for additional services must come to court and present the challenge or the issue is waived).

Because the father raises no other challenge to the termination of his parental rights, we affirm without further consideration.

**AFFIRMED.**